THE PEOPLE ex rel. C. E. Chamberlin, Petitioner, *vs.* R. C. ADAMS, County Clerk, Respondent.

*Opinion filed February 24, 1928.*

FEES AND SALARIES—*the act of 1925 fixing salaries of probate judges is valid.* The act of June 26, 1925, amending section 23 of the act of 1877 in regard to the salaries of probate judges, is not unconstitutional, as the office of probate judge was created by act of the legislature under authority of section 20 of article 6 of the constitution, and the legislature has authority to fix the salaries of such officers. (*People* v. *Smith,* 327 Ill. 11, followed.)

ORIGINAL petition for *mandamus.*

BROWN, HAY & STEPHENS, (LOGAN HAY, R. ALLAN STEPHENS, and LEIGH M. KAGY, of counsel,) for relator.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an original petition in this court filed under leave by the People of the State of Illinois, on the relation of C. E. Chamberlin, praying that a writ of *mandamus* be directed against the respondent, as county clerk of St. Clair county, commanding that he issue a warrant upon the treasurer of that county, payable to the relator for his salary as probate judge of St. Clair county for the month of De-

cember, 1926, at the rate of $5000 per annum. The petition sets out that the relator was elected to the office of probate judge at the general election in November, 1926, and that he has qualified and is now acting as such probate judge; that by an act of the legislature approved June 26, 1925, the salaries of probate judges in counties not in excess of 500,000 inhabitants was fixed at $5000 per annum, to be paid in monthly installments out of the respective county treasuries. The petition avers that the county board of St. Clair county fixed the relator's salary at $4000, and that the respondent, as county clerk, refuses to issue a voucher at the rate fixed by the legislature, although the same has been demanded. Respondent has filed no brief in answer to that filed by the relator.

Probate courts were created by an act of the legislature in 1877, (Laws of 1877, p. 79,) pursuant to the power granted in section 20 of article 6 of the constitution of 1870, providing that the General Assembly may provide for the establishment of a probate court in each county having a population of 50,000 inhabitants and providing for the election of a judge thereof, whose term of office shall be the same as that of the county judge and who shall be elected at the same time and in the same manner. By this section probate courts are, when established, given original jurisdiction in probate matters, settlement of estates of deceased persons, appointment of guardians and conservators and settlement of their accounts, and all matters relating to apprentices and the sale of real estate of deceased persons to pay debts. By section 23 of the act of 1877 creating probate courts the salary of probate judges was fixed. In 1925 this section was amended to read: "Probate judges in counties having a population in excess of five hundred thousand (500,000) inhabitants shall be allowed such salary as shall be fixed by law for the circuit judges of such counties; and probate judges in all other counties of the

State shall be allowed $5000 per annum, as salary, to be paid in monthly installments out of the respective county treasuries." (Laws of 1925, p. 336.) The question involved concerns the validity of this section of the statute.

In *People* v. *Smith,* 327 Ill. 11, and three cases consolidated therewith, this court considered petitions for *mandamus* to require the various county clerks therein involved to issue warrants for the payment of the salaries of the county judges in accordance with the provisions of an act fixing and providing for the payment of the salaries of county judges, approved June 30, 1925. (Laws of 1925, p. 398.) In that case the various contentions concerning the constitutionality of that act were considered and the act held valid. The only distinction existing between this case and those cases lies in the fact that the probate courts and the office of probate judge were created by statute under permission given by section 20 of article 6 of the constitution, instead of by the constitution itself. This distinction, however, in nowise affects the validity of section 23 of the act creating probate courts, amended in 1925, as hereinbefore quoted. The only questions concerning the validity of the act fixing the salaries of county judges which are applicable here have been decided contrary to the contention of the respondents in those cases. No other questions concerning the validity of the act under consideration here are raised on this record. In so far as the objections to the County Judges' Salary act can be urged in this case, they are settled in *People* v. *Smith, supra.* The office of probate judge was created by an act of the legislature and that body has authority to fix the salaries of such officers.

The writ of *mandamus* will therefore be awarded.

*Writ awarded.*